IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURBAX KAUR,

        Plaintiff,                   No. 2:11-cv-2486 AC

        vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion and remands the matter for further proceedings.

I.     <u>BACKGROUND</u>

        Plaintiff protectively filed for SSI on September 5, 2008, alleging disability beginning May 1, 2006. Administrative Record ("AR") 133. Plaintiff's application was initially denied on February 19, 2009, and upon reconsideration on July 28, 2009. AR 71-75, 81-85. On

1   April 20, 2010, a hearing was held before administrative law judge (the "ALJ") Timothy S.

2   Snelling.  AR 22-48.  Plaintiff was represented by counsel at the hearing, at which she testified.

3   Id.  In a decision dated June 11, 2010, the ALJ determined that plaintiff was not disabled under

4   section 1614(a)(3)(A) of the Act.[1]  AR 11-17.  The ALJ made the following findings (citations to

5   20 C.F.R. omitted):

> 1.  The claimant has not engaged in substantial gainful activity since
> September 4, 2008, the application date.
>
> 2.  The claimant has the following medically severe combination of
> impairments: lumbar radiculopathy affecting the left leg and possible
> scoliosis, bilateral carpal tunnel syndrome, and obesity.
>
> . . .
>
> 3.  The claimant does not have an impairment or combination of
> impairments that meets or medically equals one of the listed impairments

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1      in 20 CFR Part 404, Subpart P, Appendix 1.

2      . . .

3      4.  After careful consideration of the entire record, I find that the claimant
has the residual functional capacity to perform a wide range of light work
4      as defined in 20 CFR 416.967(b), but she can only occasionally climb
stoop, and crouch and she is limited to no more than frequent reaching in
5      all directions or more than frequent fine fingering and gross handling.

6      . . .

7      5.  The claimant is capable of performing past relevant work as a
dishwasher.  This work does not require the performance of work-related
8      activities precluded by the claimant's residual functional capacity.

9      . . .

10     6.  The claimant has not been under a disability, as defined in the Social
Security Act, since September 4, 2008, the date the application was filed.

11

12  AR 13-17.

13       Plaintiff requested the Appeals Council review the ALJ's decision.  AR 7.

14  However, on June 29, 2011, the Appeals Council denied review, leaving the ALJ's decision as

15  the final decision of the Commissioner of Social Security.  AR 1-3.

16  II.    <u>LEGAL STANDARDS</u>

17       The Commissioner's decision that a claimant is not disabled will be upheld if the

18  findings of fact are supported by substantial evidence in the record and the proper legal standards

19  were applied.  <u>Schneider v. Comm'r of the Soc. Sec. Admin.</u>, 223 F.3d 968, 973 (9th Cir. 2000);

20  <u>Morgan v. Comm'r of the Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir. 1999); <u>Tackett v. Apfel</u>,

21  180 F.3d 1094, 1097 (9th Cir. 1999).

22       The findings of the Commissioner as to any fact, if supported by substantial

23  evidence, are conclusive.  <u>See</u> <u>Miller v. Heckler</u>, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial

24  evidence is more than a mere scintilla, but less than a preponderance.  <u>Saelee v. Chater</u>, 94 F.3d

25  520, 521 (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as

26  adequate to support a conclusion.'"  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting

1   Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

2          "The ALJ is responsible for determining credibility, resolving conflicts in medical

3   testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir.

4   2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

5   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

6   Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

7   III.   ANALYSIS

8          Plaintiff argues that the ALJ erred in (1) failing to properly credit the opinion of

9   plaintiff's treating physician, (2) failing to properly credit plaintiff's testimony, and (3) finding

10  that plaintiff has the residual functional capacity ("RFC") to perform her past relevant work as a

11  dishwasher.

12         A.   The ALJ Provided An Insufficient Basis for Rejecting the Treating

13              Physician's Opinion.

14         Plaintiff argues the ALJ erred by failing to properly credit the opinion of her

15  treating physician, Dr. Seleha Ahmed.  Pl.'s Mot. Summ. J., ECF No. 15 at 10.[2]  The weight

16  given to medical opinions depends in part on whether they are proffered by treating, examining,

17  or non-examining professionals.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Ordinarily,

18  more weight is given to the opinion of a treating professional, who has a greater opportunity to

19  know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th

20  Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to

21  considering its source, the court considers whether (1) contradictory opinions are in the record;

22  and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a

23  treating or examining medical professional only for "clear and convincing" reasons.  Lester, 81

24  F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be

25

26         [2] Citations to court documents refer to the page numbers assigned by the court's
    electronic docketing system and not those assigned by the parties.

                                        4

rejected for "specific and legitimate" reasons that are supported by substantial evidence.  Id. at

830.  While a treating professional's opinion generally is accorded superior weight, if it is

contradicted by a supported examining professional's opinion (e.g., supported by different

independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d

1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

However, "[w]hen an examining physician relies on the same clinical findings as a treating

physician, but differs only in his or her conclusions, the conclusions of the examining physician

are not 'substantial evidence."  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

On March 1, 2010, Dr. Ahmed completed a physical capacities evaluation.  AR

348.  Dr. Ahmed diagnosed plaintiff with chronic lower back pain with radiculopathy and

bilateral carpal tunnel syndrome.  Id.  It was Dr. Ahmed's opinion that plaintiff could sit 2-3

hours in 8-hour workday, stand 2-3 hours in an 8-hour workday, walk 2-3 hours in an 8-hour

workday, and lift and carry 10 pounds occasionally and 5 pounds frequently.  Id.  She also

opined that plaintiff could not perform simple grasping, pushing and pulling, or fine

manipulation.  Id.  She further opined that plaintiff could occasionally climb and reach, but never

bend, squat, or crawl.  Id.

On January 29, 2009, plaintiff underwent an orthopedic consultation performed

by Dr. Khyber Zaffarkhan, an examining physician.  AR 249-54.  Based on the examination, Dr.

Zaffarkhan opined that plaintiff was limited to lifting and carrying 20 pounds occasionally and

10 pounds frequently, could stand and walk for 6 hours in an 8-hour workday, and sit without

limitations.  AR 253.  Dr. Zaffarkhan also opined that plaintiff was unlimited in pushing and

pulling; could occasionally climb, stoop, and crouch; but had no manipulative, visual,

communicative, or environmental limitations.  Id.  However, Dr. Zaffarkhan's could not perform

a complete neurological due to plaintiff's pain.  Dr Zaffarkhan's report contained the following

discussion concerning the medical opinion:

////

5

1
2
3
4
5

> It does appear that the claimant's pain complaints are quite severe and it is quite unfortunate that we were unable to complete a full neurological examination given the claimant's pain complaints. This being said, the decreased pinprick sensation, neuroloogical exam being unable to be performed as well as the clinical exam may indicate that the claimant has a lumbar radiculopathy affecting the left leg. For this reason, we do recommend a nerve conduction study as well as an electromyogram and a lumbar spine MRI.

6  Id.

7          The record also contains a Physical Residual Functional Capacity Assessment

8  completed by non-examining physician Dr. Nguyen on February 9, 2009. AR 258-262. Dr.

9  Nguyen opined that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently,

10  stand and/or walk for 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. AR

11  259. Dr. Nguyen also opined that plaintiff could occasionally kneel, crouch, crawl and climb

12  ramps and stairs, but never climb ladders, ropes or scaffolds. AR 260. The record also contains

13  two opinion by non-examining physicians Drs. Brayboy and Rubaum. AR 263-64, 339-40.

14  These physicians simply concluded, without elaboration, that plaintiff retained the ability to

15  perform light work. AR 264, 340.

16          In assessing the opinion evidence, the ALJ gave reduced weight to Dr. Ahmed's

17  opinion because the "assessment seems to rely primarily on the claimant's subjective complaints,

18  as there are only minimal objective findings in the evidence." AR 16. The opinion of a treating

19  physician may be rejected where it is premised primarily on plaintiff's subjective complaints and

20  the ALJ properly discounted plaintiff's credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1149

21  (9th. Cir. 2001). However, "an ALJ does not provide clear and convincing reasons for rejecting

22  an examining physicians opinion where the doctor does not discredit those complaints and

23  supports his ultimate opinion with his own observations." Ryan v. Comm'r of Soc. Sec. Admin,

24  528 F.3d 1194, 1200–01 (9th Cir. 2008). This rule applies with equal force to opinions from

25  treating sources. Page v. Comm'r Soc. Sec., 304 Fed. Appx. 520, 521 (9th Cir. 2008) (citing Orn

26  v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007)).

1          Plaintiff argues that the ALJ's reason is insufficient because there is no evidence

2   that Dr. Ahmed primarily relied on plaintiff's subjective complaints.  ECF No. 15 at 8.  It is not

3   entirely clear from the form completed by Dr. Ahmed to what degree her opinion was based on

4   plaintiff's subjective complaints.  See AR 348.  Nevertheless, the court agrees with plaintiff that

5   the ALJ's proffered reason is an insufficient basis for rejecting Dr. Ahmend's opinion.  Even

6   assuming Dr. Ahmed's opinion was based primarily on plaintiff's subjective complaints, as

7   discussed in detail below, the ALJ failed to properly discredit plaintiff's testimony.  Therefore,

8   Dr. Ahmed's reliance on plaintiff's subjective complaints in formulating her opinion was not a

9   proper basis for rejecting this treating source opinion.  See Tonapetyan, 242 F.3d at 1149

10   (holding that the ALJ was free to disregard an examining physician's opinion premised on the

11   plaintiff's subjective complaints where the record supported the ALJ discounting the plaintiff's

12   credibility).

13          Furthermore, Dr. Ahmed did not question plaintiff' credibility, and her opinion

14   was supported by objective findings.  Dr. Ahmed ordered a CT of plaintiff's lumbar spine, which

15   was performed on August 19, 2009.  The CT showed disc space narrowing at L4-5, mild central

16   disc protrusion at L4-5 without evidence of spinal stenosis, considerable degenerative change

17   involving the apophyseal joints at L4-5 and to a lesser extent at L5-S1, and worse degenerative

18   changes involving the left L5-S1 and left L4-5 disc.  The test also showed mild annular bulging

19   at L2-3 and L2-4, mild disc protrusion at L4-5 and to a lesser extent at L2-3 and L3-4.  AR 355.

20   A January 30, 2009 nerve conduction study, which was also requested by Dr. Ahmed, was

21   abnormal and showed evidence of moderate carpal tunnel syndrome.  AR 323.  Since Dr. Ahmed

22   did not question plaintiff's credibility and supported her opinion with objective evidence, the

23   ALJ's rejection of Dr. Ahmed's opinion because it was based on plaintiff's subjective

24   complaints was not a legally sufficient basis for rejecting the treating opinion.  See  Ryan, 528

25   F.3d at 632.

26          Defendant contend, however, that the ALJ properly relied on the opinions of the

7

1   three non-examining physicians, and that these opinions constitute substantial evidence

2   supporting the ALJ determination that plaintiff could perform light work.  Def.'s Mot. Summ. J.,

3   ECF No. 16 at 5.  "Where the opinion of the claimant's treating physician is contradicted, and

4   the opinion of a nontreating sources is based on independent clinical findings that differ from

5   those of the treating physician, the opinions of the nontreating source may itself be substantial

6   evidence; it is then solely the province of the ALJ to resolve the conflict."  Andrews, 53 F.3d at

7   1041 (citing Magallanes, 881 F.2d at 751.  There is no indication from the record that Drs.

8   Nguyen, Brayboy, and Rubaum's opinions relied on independent clinical findings that differed

9   from those considered by Dr. Ahmed.  Indeed, these three physicians never examined plaintiff.

10              While these non-examining physicians may have relied on Dr. Zaffarkhan

11   opinion, which was based on an independent examination of plaintiff,  Dr. Zaffarkhan

12   acknowledged that the opinion was based on an incomplete examination.  As previously

13   discussed, Dr. Zaffarkhan noted that a full neurological examination could not be completed and

14   that additional tests should be performed.  Subsequent to Dr. Zaffarkhan's exam, Dr. Ahmed

15   requested a CT of plaintiff's lumbar spine and a nerve conduction study be performed.  Dr.

16   Ahmed was the only physican who had the opportunity to examine plaintiff and review the

17   results of these tests prior to rendering an opinion.  As a result, Dr. Ahmed was in the best

18   position to render an opinion regarding plaintiff's physical impairments.  Under these

19   circumstances, the court cannot find that the opinions of the nonexamining physicians

20   constituted substantial evidence supporting the ALJ's rejection of Dr. Ahmed's treating opinion.

21              B.      The ALJ Discredited Plaintiff's Testimony Without Providing

22                      Clear and Convincing Reasons.

23              Plaintiff also argues that the ALJ failed to provide clear and convincing reasons

24   for rejecting her testimony regarding her functional limitations.  ECF No. 16 at 17-19.  In

25   evaluating whether subjective complaints are credible, the ALJ should first consider objective

26   medical evidence and then consider other factors.  Bunnell v. Sullivan, 947 F.2d 341, 344 (9th

Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may

consider the nature of the symptoms alleged, including aggravating factors, medication,

treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's

reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2)

unexplained or inadequately explained failure to seek treatment or to follow a prescribed course

of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th

Cir. 1996).  Work records, physician and third party testimony about the nature, severity and

effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.

Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an

allegedly debilitating medical problem may be a valid consideration by the ALJ in determining

whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v.

Sec'y of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own

observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot

substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

"Without affirmative evidence showing that the claimant is malingering, the Commissioner's

reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v.

Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff testified that she experiences back pain and numbness in her hands.  AR

45.  She reported experiencing pain when she sits, stands, and lifts and carries things.  AR 138.

She claims that her back pain prevents her from bending, twisting and reaching.  AR 164.  She

also testified that she can only perform limited walking, cooking, and lifting, and that she

experiences shortness of breath, fatigue, and drowsiness.  Id.  She further stated that she has to

sit down to rest after performing 10-15 minutes of chores.  AR 166.

The ALJ found that plaintiff's "statements concerning the intensity, persistence

and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with

1  the above residual functional capacity assessment." AR 15.  The ALJ providing the following

2  explanation for why he found plaintiff's statements not credible:

3      Although the [plaintiff] has described daily activities which are fairly limited, two
       factors weigh against considering these allegations to be strong evidence in favor
4      of finding the claimant disabled.  First, allegedly limited daily activities cannot be
       objectively verified with any reasonable degree of certainty.  Secondly, even if
5      the claimant's daily activities are truly as limited as alleged, it is difficult to
       attribute that degree of limitation to the claimant's medical condition, as opposed
6      to other reasons, in view of the relatively weak medical evidence and other factors
       discussed in this decision.

7  Id.

8          Thus, the ALJ rejected plaintiff's testimony because 1) plaintiff's statements

9  concerning her daily activities could not be corroborated, and 2) her limited daily activities were

10 not supported by the relatively weak medical evidence and other factors.

11         The first reason is simply an incorrect statement.  If the ALJ was concerned about

12 verifying plaintiff's daily activities, he could have sought statements from third-party witnesses

13 that have first hand knowledge of plaintiff's daily activities.  See Regennitter v. Comm'r Soc.

14 Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999) (stating that lay witness testimony is important

15 because it provides information about a claimant's impairments); Smolen, 80 F.3d at 1289

16 ("[W]here a claimant alleges pain or other symptoms that are '*not supported by medical evidence*

17 *in the file*, the adjudicator *shall* obtain detailed descriptions of daily activities by directing

18 specific inquiries about the pain and its effects to . . . third parties who would be likely to have

19 such knowledge.'" (emphasis in original) (quoting SSR 83-13)).  Furthermore, the purpose of

20 obtaining a claimant's testimony and evaluating credibility is to assists in the assessment of

21 matters that are difficult to verify by objective medical evidence.

22         The ALJ's second reason is also unavailing.  As for the ALJ's explanation that

23 plaintiff's daily activities are not supported by "other factors" in the decision, the court is unable

24 to identify any of these "other factors" in the ALJ's decision.  This vague and conclusory

25 statement falls far short of a clear and convincing reason.  What is left is the ALJ's contention

26 that plaintiff's testimony is not supported by the limited medical evidence.  However, a lack of

1   medical evidence, while a legitimate consideration, does not alone constitute a clear and

2   convincing reason for discrediting plaintiff's testimony.  See Burch v. Barnhart, 400 F.3d 676,

3   681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for

4   discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

5   Accordingly, the ALJ erred in discounting plaintiff's testimony.

6           C.    ALJ's Step-Four Determination

7           Plaintiff argues that the ALJ erred in determining that plaintiff could perform her

8   past relevant work.  ECF No. 15 at 13.  At the fourth step of the sequential evaluation process,

9   the ALJ found that plaintiff maintained the ability to perform her prior work as a dishwasher.

10   AR 16-17.  This finding was based on the ALJ's determination that plaintiff had the RFC to

11   perform a wide range of light work with only minor postural and manipulative limitations.

12   However, as discussed above, the ALJ's RFC determination is not supported by substantial

13   evidence because the ALJ erred in rejecting the opinion of plaintiff's treating physician and

14   plaintiff's testimony.  Thus, the ALJ's determination that plaintiff can perform her past work as a

15   dishwasher is not supported by substantial evidence.

16           Accordingly, the matter must be remanded for further consideration.  On remand,

17   the Commissioner shall determine whether plaintiff has the ability to perform her past relevant

18   work in light of Dr. Ahmed's medical opinion and plaintiff's testimony.  In making this

19   determination, the ALJ may wish to rely on the services of a vocational expert.  In the event the

20   Commissioner concludes that plaintiff cannot perform any past relevant work, the Commissioner

21   shall determine whether plaintiff maintains the RFC to perform other jobs.

22   IV.  CONCLUSION

23           The court finds that the ALJ failed to apply the proper legal standards and his

24   decision is not supported by substantial evidence.  Accordingly, it is hereby ORDERED that:

25           1.  Plaintiff's motion for summary judgment, ECF No. 15, is granted;

26           2.  The Commissioner's cross-motion for summary judgment, ECF No. 16, is

denied;

        3.  The Clerk is directed to enter judgment in plaintiff's favor; and

        4.  The matter is remanded for further proceedings consistent with this opinion.

DATED: May 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12