IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURBAX KAUR,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

No. 2:11-cv-2486 AC

ORDER

---

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties' cross motions for summary judgment are pending. For the reasons discussed below, the court grants plaintiff's motion and remands the matter for further proceedings.

I.    BACKGROUND

Plaintiff protectively filed for SSI on September 5, 2008, alleging disability beginning May 1, 2006. Administrative Record ("AR") 133. Plaintiff's application was initially denied on February 19, 2009, and upon reconsideration on July 28, 2009. AR 71-75, 81-85. On

1

April 20, 2010, a hearing was held before administrative law judge (the "ALJ") Timothy S. Snelling.  AR 22-48.  Plaintiff was represented by counsel at the hearing, at which she testified. Id.  In a decision dated June 11, 2010, the ALJ determined that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[1]  AR 11-17.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since September 4, 2008, the application date.
>
> 2. The claimant has the following medically severe combination of impairments: lumbar radiculopathy affecting the left leg and possible scoliosis, bilateral carpal tunnel syndrome, and obesity.
>
> . . .
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).  The following summarizes the sequential evaluation:
> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
   The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

in 20 CFR Part 404, Subpart P, Appendix 1.

. . .

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 416.967(b), but she can only occasionally climb stoop, and crouch and she is limited to no more than frequent reaching in all directions or more than frequent fine fingering and gross handling.

. . .

5. The claimant is capable of performing past relevant work as a dishwasher. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

. . .

6. The claimant has not been under a disability, as defined in the Social Security Act, since September 4, 2008, the date the application was filed.

AR 13-17.

Plaintiff requested the Appeals Council review the ALJ's decision. AR 7. However, on June 29, 2011, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting

Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff argues that the ALJ erred in (1) failing to properly credit the opinion of plaintiff's treating physician, (2) failing to properly credit plaintiff's testimony, and (3) finding that plaintiff has the residual functional capacity ("RFC") to perform her past relevant work as a dishwasher.

    A.    The ALJ Provided An Insufficient Basis for Rejecting the Treating Physician's Opinion.

Plaintiff argues the ALJ erred by failing to properly credit the opinion of her treating physician, Dr. Seleha Ahmed. Pl.'s Mot. Summ. J., ECF No. 15 at 10.[2] The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be

---

[2] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system and not those assigned by the parties.

4

rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence." Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).

On March 1, 2010, Dr. Ahmed completed a physical capacities evaluation. AR 348.  Dr. Ahmed diagnosed plaintiff with chronic lower back pain with radiculopathy and bilateral carpal tunnel syndrome. Id.  It was Dr. Ahmed's opinion that plaintiff could sit 2-3 hours in 8-hour workday, stand 2-3 hours in an 8-hour workday, walk 2-3 hours in an 8-hour workday, and lift and carry 10 pounds occasionally and 5 pounds frequently. Id.  She also opined that plaintiff could not perform simple grasping, pushing and pulling, or fine manipulation. Id.  She further opined that plaintiff could occasionally climb and reach, but never bend, squat, or crawl. Id.

On January 29, 2009, plaintiff underwent an orthopedic consultation performed by Dr. Khyber Zaffarkhan, an examining physician. AR 249-54.  Based on the examination, Dr. Zaffarkhan opined that plaintiff was limited to lifting and carrying 20 pounds occasionally and 10 pounds frequently, could stand and walk for 6 hours in an 8-hour workday, and sit without limitations. AR 253.  Dr. Zaffarkhan also opined that plaintiff was unlimited in pushing and pulling; could occasionally climb, stoop, and crouch; but had no manipulative, visual, communicative, or environmental limitations. Id.  However, Dr. Zaffarkhan's could not perform a complete neurological due to plaintiff's pain.  Dr Zaffarkhan's report contained the following discussion concerning the medical opinion:

////

> It does appear that the claimant's pain complaints are quite severe and it is quite unfortunate that we were unable to complete a full neurological examination given the claimant's pain complaints. This being said, the decreased pinprick sensation, neuroological exam being unable to be performed as well as the clinical exam may indicate that the claimant has a lumbar radiculopathy affecting the left leg. For this reason, we do recommend a nerve conduction study as well as an electromyogram and a lumbar spine MRI.

Id.

The record also contains a Physical Residual Functional Capacity Assessment completed by non-examining physician Dr. Nguyen on February 9, 2009. AR 258-262. Dr. Nguyen opined that plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. AR 259. Dr. Nguyen also opined that plaintiff could occasionally kneel, crouch, crawl and climb ramps and stairs, but never climb ladders, ropes or scaffolds. AR 260. The record also contains two opinion by non-examining physicians Drs. Brayboy and Rubaum. AR 263-64, 339-40. These physicians simply concluded, without elaboration, that plaintiff retained the ability to perform light work. AR 264, 340.

In assessing the opinion evidence, the ALJ gave reduced weight to Dr. Ahmed's opinion because the "assessment seems to rely primarily on the claimant's subjective complaints, as there are only minimal objective findings in the evidence." AR 16. The opinion of a treating physician may be rejected where it is premised primarily on plaintiff's subjective complaints and the ALJ properly discounted plaintiff's credibility. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th. Cir. 2001). However, "an ALJ does not provide clear and convincing reasons for rejecting an examining physicians opinion where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." Ryan v. Comm'r of Soc. Sec. Admin, 528 F.3d 1194, 1200–01 (9th Cir. 2008). This rule applies with equal force to opinions from treating sources. Page v. Comm'r Soc. Sec., 304 Fed. Appx. 520, 521 (9th Cir. 2008) (citing Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007)).

1    Plaintiff argues that the ALJ's reason is insufficient because there is no evidence
2 that Dr. Ahmed primarily relied on plaintiff's subjective complaints. ECF No. 15 at 8. It is not
3 entirely clear from the form completed by Dr. Ahmed to what degree her opinion was based on
4 plaintiff's subjective complaints. See AR 348. Nevertheless, the court agrees with plaintiff that
5 the ALJ's proffered reason is an insufficient basis for rejecting Dr. Ahmend's opinion. Even
6 assuming Dr. Ahmed's opinion was based primarily on plaintiff's subjective complaints, as
7 discussed in detail below, the ALJ failed to properly discredit plaintiff's testimony. Therefore,
8 Dr. Ahmed's reliance on plaintiff's subjective complaints in formulating her opinion was not a
9 proper basis for rejecting this treating source opinion. See Tonapetyan, 242 F.3d at 1149
10 (holding that the ALJ was free to disregard an examining physician's opinion premised on the
11 plaintiff's subjective complaints where the record supported the ALJ discounting the plaintiff's
12 credibility).

13    Furthermore, Dr. Ahmed did not question plaintiff' credibility, and her opinion
14 was supported by objective findings. Dr. Ahmed ordered a CT of plaintiff's lumbar spine, which
15 was performed on August 19, 2009. The CT showed disc space narrowing at L4-5, mild central
16 disc protrusion at L4-5 without evidence of spinal stenosis, considerable degenerative change
17 involving the apophyseal joints at L4-5 and to a lesser extent at L5-S1, and worse degenerative
18 changes involving the left L5-S1 and left L4-5 disc. The test also showed mild annular bulging
19 at L2-3 and L2-4, mild disc protrusion at L4-5 and to a lesser extent at L2-3 and L3-4. AR 355.
20 A January 30, 2009 nerve conduction study, which was also requested by Dr. Ahmed, was
21 abnormal and showed evidence of moderate carpal tunnel syndrome. AR 323. Since Dr. Ahmed
22 did not question plaintiff's credibility and supported her opinion with objective evidence, the
23 ALJ's rejection of Dr. Ahmed's opinion because it was based on plaintiff's subjective
24 complaints was not a legally sufficient basis for rejecting the treating opinion. See  Ryan, 528
25 F.3d at 632.

26    Defendant contend, however, that the ALJ properly relied on the opinions of the

7

three non-examining physicians, and that these opinions constitute substantial evidence supporting the ALJ determination that plaintiff could perform light work. Def.'s Mot. Summ. J., ECF No. 16 at 5. "Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating sources is based on independent clinical findings that differ from those of the treating physician, the opinions of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041 (citing Magallanes, 881 F.2d at 751. There is no indication from the record that Drs. Nguyen, Brayboy, and Rubaum's opinions relied on independent clinical findings that differed from those considered by Dr. Ahmed. Indeed, these three physicians never examined plaintiff.

While these non-examining physicians may have relied on Dr. Zaffarkhan opinion, which was based on an independent examination of plaintiff, Dr. Zaffarkhan acknowledged that the opinion was based on an incomplete examination. As previously discussed, Dr. Zaffarkhan noted that a full neurological examination could not be completed and that additional tests should be performed. Subsequent to Dr. Zaffarkhan's exam, Dr. Ahmed requested a CT of plaintiff's lumbar spine and a nerve conduction study be performed. Dr. Ahmed was the only physician who had the opportunity to examine plaintiff and review the results of these tests prior to rendering an opinion. As a result, Dr. Ahmed was in the best position to render an opinion regarding plaintiff's physical impairments. Under these circumstances, the court cannot find that the opinions of the nonexamining physicians constituted substantial evidence supporting the ALJ's rejection of Dr. Ahmed's treating opinion.

    B. <u>The ALJ Discredited Plaintiff's Testimony Without Providing Clear and Convincing Reasons.</u>

Plaintiff also argues that the ALJ failed to provide clear and convincing reasons for rejecting her testimony regarding her functional limitations. ECF No. 16 at 17-19. In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th

Cir. 1991) (en banc).  If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  Work records, physician and third party testimony about the nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Sec'y of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing."  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

      Plaintiff testified that she experiences back pain and numbness in her hands.  AR 45.  She reported experiencing pain when she sits, stands, and lifts and carries things.  AR 138. She claims that her back pain prevents her from bending, twisting and reaching.  AR 164.  She also testified that she can only perform limited walking, cooking, and lifting, and that she experiences shortness of breath, fatigue, and drowsiness.  Id.  She further stated that she has to sit down to rest after performing 10-15 minutes of chores.  AR 166.

      The ALJ found that plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with

9

the above residual functional capacity assessment." AR 15. The ALJ providing the following explanation for why he found plaintiff's statements not credible:

> Although the [plaintiff] has described daily activities which are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision.

Id.

Thus, the ALJ rejected plaintiff's testimony because 1) plaintiff's statements concerning her daily activities could not be corroborated, and 2) her limited daily activities were not supported by the relatively weak medical evidence and other factors.

The first reason is simply an incorrect statement. If the ALJ was concerned about verifying plaintiff's daily activities, he could have sought statements from third-party witnesses that have first hand knowledge of plaintiff's daily activities. See Regennitter v. Comm'r Soc. Sec. Admin., 166 F.3d 1294, 1298 (9th Cir. 1999) (stating that lay witness testimony is important because it provides information about a claimant's impairments); Smolen, 80 F.3d at 1289 ("[W]here a claimant alleges pain or other symptoms that are '*not supported by medical evidence in the file*, the adjudicator *shall* obtain detailed descriptions of daily activities by directing specific inquiries about the pain and its effects to . . . third parties who would be likely to have such knowledge.'" (emphasis in original) (quoting SSR 83-13)). Furthermore, the purpose of obtaining a claimant's testimony and evaluating credibility is to assists in the assessment of matters that are difficult to verify by objective medical evidence.

The ALJ's second reason is also unavailing. As for the ALJ's explanation that plaintiff's daily activities are not supported by "other factors" in the decision, the court is unable to identify any of these "other factors" in the ALJ's decision. This vague and conclusory statement falls far short of a clear and convincing reason. What is left is the ALJ's contention that plaintiff's testimony is not supported by the limited medical evidence. However, a lack of

10

medical evidence, while a legitimate consideration, does not alone constitute a clear and convincing reason for discrediting plaintiff's testimony. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Accordingly, the ALJ erred in discounting plaintiff's testimony.

### C. ALJ's Step-Four Determination

Plaintiff argues that the ALJ erred in determining that plaintiff could perform her past relevant work. ECF No. 15 at 13. At the fourth step of the sequential evaluation process, the ALJ found that plaintiff maintained the ability to perform her prior work as a dishwasher. AR 16-17. This finding was based on the ALJ's determination that plaintiff had the RFC to perform a wide range of light work with only minor postural and manipulative limitations. However, as discussed above, the ALJ's RFC determination is not supported by substantial evidence because the ALJ erred in rejecting the opinion of plaintiff's treating physician and plaintiff's testimony. Thus, the ALJ's determination that plaintiff can perform her past work as a dishwasher is not supported by substantial evidence.

Accordingly, the matter must be remanded for further consideration. On remand, the Commissioner shall determine whether plaintiff has the ability to perform her past relevant work in light of Dr. Ahmed's medical opinion and plaintiff's testimony. In making this determination, the ALJ may wish to rely on the services of a vocational expert. In the event the Commissioner concludes that plaintiff cannot perform any past relevant work, the Commissioner shall determine whether plaintiff maintains the RFC to perform other jobs.

## IV. CONCLUSION

The court finds that the ALJ failed to apply the proper legal standards and his decision is not supported by substantial evidence. Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 15, is granted;

2. The Commissioner's cross-motion for summary judgment, ECF No. 16, is

1 denied;

2     3. The Clerk is directed to enter judgment in plaintiff's favor; and

3     4. The matter is remanded for further proceedings consistent with this opinion.

4 DATED: May 6, 2013.

                                              ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE